## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## CASE NO.

**LORETTA MALOY, individually, and**
**as the class representative of others**
**similarly situated,**

> **Plaintiff,**

**vs.**

**HEALTH AND PSYCHIATRIST CONSULTANTS, LLC**
**D/B/A HEALTH AND MEDSPA and**

**USMAN EZAD, individually.**

> **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **LORETTA MALOY**, individually, and as class representative of others similarly situated (herein after referred to as "**MALOY**"), by and through his undersigned counsel, sues **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC D/B/A HEALTH AND MEDSPA**, a Florida corporation, and **USMAN EZAD**, individually (collectively referred to as "Defendants") for violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA") 29 USC § 206 and states as follows:

## PRELIMINARY STATEMENT

1.  The Plaintiff brings this action for violations of the FLSA § 206 for failure to pay minimum wage compensation.

2.  Defendants unlawfully misclassified Plaintiff MALOY as an exempt employee to avoid compensating her minimum wages.

3.  Defendants failed to pay Plaintiff in accordance with the FLSA.

4.      Specifically, Plaintiff was not paid minimum wages for all hours worked.

5.      Plaintiff was not paid the salary basis minimum that meets the definition of exempt under the FLSA.

6.      In this pleading, "Defendants", means the named Defendants**, HEALTH AND PSYCHIATRIST CONSULTANTS, LLC D/B/A HEALTH AND MEDSPA** and **USMAN EZAD**, individually, and other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

7.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.

8.      Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

10.     The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

11.     Venue is proper in the District Court because Defendants operate substantial business in Pinellas County, Middle District of Florida.   Furthermore, the damages complained of occurred in Pinellas County at the Defendants' place of business located in the Middle District of Florida.

12.     Plaintiff is a resident of Pinellas County, Florida, and was employed by Defendants as a receptionist from approximately March 12, 2019 until April 18, 2019.

13.    At all times relevant to this action, Plaintiff has been an employee within the meaning of 29 USC § 203(e)(I).

14.    Defendant, **USMAN EZAD**, is a Florida resident and/or individual who conducts business in the State of Florida. He is the Managing Member of **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC d/b/a HEALTH and MEDSPA**. He created and directed the pay practices and controlled and directed the work of Plaintiff.   **USMAN EZAD** is also an officer and manager of Defendant, **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC d/b/a HEALTH and MEDSPA**, thus making him an employer within the meaning of the FLSA.   See In Re: Van Diepen, P.A., 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

15.    The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee.   29 USC § 203(d).   See also Boucher v. Shaw, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

16.    Defendant, **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC.**, is a Florida Limited Liability company with its principal address at 3919 Tampa Rd., Oldsmar, , Florida 34677 and may be served through its registered agent for service of process, **USMAN EZAD**, at 2655 State Rd 580, suite 202,   Clearwater, FL 33761

17. At all times material hereto, **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC d/b/a HEALTH and MEDSPA** was an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC d/b/a HEALTH and MEDSPA** was the "employer" of Plaintiff within the meaning of the FLSA, 29 USC § 203.

19. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, monies due and owing, liquidated damages, and reasonable attorneys' fees and costs.

20. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

21. Plaintiff MALOY was employed by Defendants as a receptionist from approximately March 12, 2019 until April 18, 2019.

22. Plaintiff's job duties as a receptionist included secretarial and marketing and scheduling duties along with all other activities so directed by **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC d/b/a HEALTH and MEDSPA** and its officers and agents.

23. At all times relevant, Plaintiff was supervised by **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC d/b/a HEALTH and MEDSPA**, officers, and agents and did not have the right to independent operations or decision making.

24. Plaintiff actual payments from Defendant did not amount to minimum wage as required by the FLSA.

25.    Defendants further agreed to pay Plaintiff $17.00 per hour for work performed as well as a bonus structure consisting of $250.00 for each referral to the practice, although failed to honor their obligation to pay her consistently with the agreement.

26.    Defendants' failure to properly pay Plaintiff was a willful violation of the FLSA.

27.    Defendants have no good faith basis for failing to pay Plaintiff appropriately nor for failing to pay the appropriate overtime.

28.    Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the Defendants.

29.    Plaintiff does not have the authority to hire, fire, or discipline other employees.

30.    Plaintiff is a non-exempt employee whose duties dictate the same; her job duties do not involve the use of discretion in the performance of his job.

31.    Plaintiff's position is subject to the FLSA wage provisions.

32.    Defendants compensated MALOY at a rate of $10 per hour for hourly work but reduced Plaintiff's hours in the payroll system to avoid paying her all money's owed according to FLSA.

33.    Plaintiff complained to Defendants regarding their unlawful pay practices.

34.    On or about April 18, 2019, Plaintiff resigned from his position with Defendants because Defendants continued to refuse to pay her in accordance with FLSA. Plaintiff was justified in leaving Defendants as they constructively terminated her from his employment.

## COUNT I
## VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA § 206

35.    Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through

34 as if fully set forth herein.

36.    MALOY was an employee of Defendant within the meaning of 29 USC

§ 203(e)(1).

37.    Defendant is an employer within the meaning of 29 USC § 203(d).

38.    The minimum wage provisions set forth in FLSA § 206 apply to Defendants, who

engaged in commerce under the definition of the FLSA.

39.    During the relevant time period, MALOY was not paid minimum wage

compensation for all hours worked.

40.    During the relevant time period, Defendants required MALOY, a non-exempt

employee under the FLSA, to work and compensated her less than the minimum

hourly wage.

41.    Defendants are or should have been, aware of FLSA's minimum wage

requirements, its provisions and exemptions, and know, or should have known,

that withholding wages from MALOY constituted a willful violation of the FLSA.

42.    Therefore, Defendants willfully and intentionally engage in a pattern and practice

of violating the minimum wage provisions of the FLSA by refusing to pay

MALOY a minimum hourly wage for all hours worked.

43.    Defendants cannot show in good faith reliance upon any factor or law for

misclassifying MALOY as an independent contractor.

44.    Evidence reflecting the precise number of hours worked by MALOY is in the

possession of Defendant. If these records are unavailable, MALOY may establish

the hours he worked solely by his testimony and the burden of overcoming such

testimony shifts to the employer.   See Anderson v. Mount Clemens Pottery

Company.   328 US 680 (1946).

45.   MALOY is entitled to a minimum hourly rate for each hour worked.

46.   As a direct result of Defendant's violation of the FLSA, MALOY suffered damages by being denied minimum wages in accordance with Section 206 and Section 216(b) of the FLSA in addition with the damages associated with the loss of her Social Security and employer contributions to Social Security benefits.

47.   Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of MALOY.

**WHREFORE**, Plaintiff, **LORETTA MALOY**, individually, and as class representative of others similarly situated, requests this Honorable Court to:

A.   Order Defendants to pay an award of damages to fully compensate MALOY for minimum hourly wages and other compensation to which she is entitled;

B.   Order Defendant to pay liquidated damages;

C.   Order Defendant to pay prejudgment interest on all sums due MALOY;

D.   Order Defendant to pay compensatory damages allowable at law;

E.   Order Defendant to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## COUNT II
### (Unpaid wages as to all defendants)

48.   Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 38 as if fully set forth herein.

49.   Plaintiff has earned unpaid wages which are owed and payable by the Defendants pursuant to Florida Statute Chapter 448.

50.     Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payments as required by Florida Statute Chapter 448.

**WHEREFORE**, Plaintiff, LORETTA MALOY, individually and as the class representative of others similarly situated, prays for a judgment against Defendants, HEALTH AND PSYCHIATRIST CONSULTANTS, LLC D/B/A HEALTH AND MEDSPA and USMAN EZAD, for the following damages:

A.  Payment of her earned unpaid wages;

B.  Pre-judgment interest;

C.  Post-judgment interest;

D.  Attorney's fees;

E.  Costs;

F.  For such other relief as this court deems equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiff, **LORETTA MALOY**, individually and as the class representative of others similarly situated, demands judgment for damages, including punitive damages, against the Defendants, **HEALTH AND PSYCHIATRIST CONSULTANTS, LLC D/B/A HEALTH AND MEDSPA** and **USMAN EZAD**, together with such other and further relief as this Honorable Court deems necessary and appropriate.

Dated this: May 14, 2019

TRAGOS, SARTES & TRAGOS, PLLC

*/s/ Peter A. Sartes, MBA/JD*
PETER A. SARTES, MBA/JD
601 Cleveland Street, Suite 800
Clearwater, Florida 33755
Phone:   (727) 441-9030
Facsimile: (727) 441-9254
Florida Bar No: 582905
SPN: 02429305
peter@greeklaw.com
linda@greeklaw.com